FILED

2008 Jul-29  PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

DELORIS MILLER,

      Plaintiff,

v.                                           CV-08-J-1034-NE

LAWRENCE COUNTY,
ALABAMA, et al.,

      Defendants.

### MEMORANDUM OPINION

Pending before the court is the defendants' motion for partial dismissal of plaintiff's complaint (doc. 8). The defendants have filed a brief in support of their motion (doc. 9). Although the plaintiff was given an opportunity to respond to the defendants' motion by July 21, 2008 (doc. 11), she has failed to do so as of this date. The defendants' motion requests the court to (1) dismiss all claims against Sheila Bishop in her individual capacity; (2) dismiss the plaintiff's claims brought under 42 U.S.C. §§ 1981 and 1983; (3) dismiss the plaintiff's claim against Sheila Bishop in her individual capacity for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; and (4) strike the plaintiff's claim for punitive damages (doc. 8).

**Factual Background**

The plaintiff, who is an African-American, was employed by defendant Lawrence County as site manager of the North Courtland Center for the Lawrence County Aging-Rural Transit System (doc. 1). The plaintiff asserts that the North Courtland Center primarily serves African-Americans (doc. 1). Defendant Sheila Bishop is the Aging Director of the Lawrence County Commission on Aging (doc. 1). Defendant Linda Harville was the County Administrator for Lawrence County during the relevant time period (doc. 1).

The plaintiff alleges that she was discriminated against because of her race with respect to decisions concerning "discipline and other terms and conditions and privileges of employment" (doc. 1). The plaintiff alleges that the defendants subjected her to different terms and conditions of employment by not providing her with the same resources as were provided to managers at centers serving primarily white residents (doc. 1). The plaintiff further alleges that her termination was discriminatory because she was fired for engaging in conduct for which similarly situated white employees were not terminated (doc. 1). Lastly, the plaintiff alleges that she was denied "effective due process, notices hearings, and procedures afforded white employees when disciplined" (doc. 1).

2

**Discussion**

I.     *Plaintiff's Claims Against Sheila Bishop in Her Official Capacity.*

The plaintiff brings claims against defendant Sheila Bishop as an individual and in her official capacity as Aging Director of the Lawrence County Commission on Aging (doc. 1).  The defendants contend that the plaintiff's claims against Sheila Bishop in her official capacity are due to be dismissed because they are duplicative of the claims against Lawrence County.  Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978).  *See also Smith v. Allen*, 502 F.3d 1255, 1271-72 (11th Cir. 2007) (noting the importance of the distinction between official and individual capacity suits).  Therefore, "[t]here is no longer a need to bring official-capacity suits against local government officials, for . . . local government units can be sued directly for damages and injunctive or declaratory relief."  *Kentucky*, 473 U.S. at 166 n. 14; citing *Memphis Police Dept. v. Garner*, 471 U.S. 1 (1985).  Because the plaintiff's claims against Sheila Bishop in her official capacity are really claims against Lawrence County, who is already a plaintiff, said claims are unnecessary and duplicative and are due to be dismissed with prejudice.

3

II.     *Plaintiff's Claims Brought Under 42 U.S.C. § 1981a.*

The plaintiff requests the court to grant declaratory and injunctive relief for the defendants' violation of 42 U.S.C. § 1981a.  42 U.S.C. § 1981a, which is entitled "Damages in cases of intentional discrimination in employment," allows a complaining party to recover compensatory and punitive damages in suits brought under section 706 and 717 of the Civil Rights Act of 1964.  42 U.S.C. § 1981a does not provide a cause of action in and of itself, but rather provides remedies for successful discrimination claims.  Therefore, the court assumes that the plaintiff invokes 42 U.S.C. § 1981a as part of her claim for damages.  To the extent the plaintiff asserts a claim for relief under 42 U.S.C. § 1981a, that claim is due to be dismissed with prejudice.[1]

III.    *Plaintiff's Claims Brought Under 42 U.S.C. §1983.*

The defendant asserts that the plaintiff's claim for relief under 42 U.S.C. §1983 against Lawrence County and Sheila Bishop as an individual and in her official capacity is due to be dismissed because the plaintiff has failed to allege a set of facts that rise above the speculative level.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

---

[1] To the extent that the plaintiff seeks relief under 42 U.S.C. § 1981, that claim is due to be dismissed for failure to state a claim for which relief may be granted.

plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965. In addition, "unsupported conclusions of law or of mixed fact and law" are not sufficient to withstand a dismissal for failure to state a claim. *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (internal quotations and citations omitted).

42 U.S.C. § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Here, the plaintiff has failed to identify the specific constitutional right allegedly infringed. The plaintiff's allegation that the "defendants, Bishop and Harville, denied her effective due process, notices, hearings and procedures afforded white employees when disciplined" does not allege a constitutional violation. Rather, the allegation asserts that the denial of due process was another example of the defendants' discriminatory conduct.

5

Moreover, assuming the plaintiff intended to allege that her due process rights

were violated, she has completely failed to provide any further elucidation as to

which kind of due process (i.e., substantive or procedural) is at issue or how the

supposed violation occurred.  Besides stating the bald legal conclusion that the

plaintiff's due process rights were violated, the plaintiff has not alleged any set of

facts that would entitle her to relief.  Therefore, the plaintiff's § 1983 claim is due

to be dismissed with prejudice for failure to state a claim for which relief may be

granted.

       *IV.*   *Plaintiff's Title VII Claim Against Sheila Bishop in her individual capacity.*

       The defendants argue that the plaintiff's claim for relief under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against Sheila Bishop in

her individual capacity is due to be dismissed because Sheila Bishop in her

individual capacity is not the plaintiff's employer.  The United States Court of

Appeals for the Eleventh Circuit has held that individual capacity suits under Title

VII are inappropriate because Title VII offers plaintiffs a remedy against their

employer, not against individual employees whose actions would constitute a

violation of Title VII.  *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.

1991); citing *Clanton v. Orleans Parish School Bd.*, 649 F.2d 1084, 1099 & n. 19

(5th Cir.1981).  In her individual capacity, Sheila Bishop is not the plaintiff's employer.  Therefore, the plaintiff's Title VII claim against Sheila Bishop in her individual capacity is due to be dismissed with prejudice.

   V.   *Plaintiff's Claim for Punitive Damages.*

   In her prayer for relief, the plaintiff requests that the court enter an order awarding the plaintiff punitive damages.  As a result of this opinion and it's accompanying order, the only remaining claim is the plaintiff's  Title VII claim against Lawrence County.  42 U.S.C. § 1981a(b)(1) expressly prohibits the imposition of punitive damages in a Title VII case against a "government, government agency, or political subdivision."  Therefore, the plaintiff's claim for punitive damages is due to be stricken.

**Conclusion**

   For the foregoing reasons, it is hereby **ORDERED** by the court that the defendants' motion for partial dismissal of plaintiff's complaint of defendants Lawrence County, Alabama and Sheila Bishop, in her individual and official capacities (doc. 8) is **GRANTED** as follows:

   (1) the plaintiff's claims against Sheila Bishop in her official capacity are due to be **DISMISSED WITH PREJUDICE** because they are unnecessary and duplicative;

7

(2) to the extent that the plaintiff makes a claim for relief under 42 U.S.C. §
1981a, said claim is due to be **DISMISSED WITH PREJUDICE** because 42
U.S.C. § 1981a does not provide a cause of action in and of itself;

(3) the plaintiff's claims for relief under 42 U.S.C. § 1983 are due to be
**DISMISSED WITH PREJUDICE** because the plaintiff has failed to state a
claim for which relief may be granted;

(4) the plaintiff's Title VII claim against Sheila Bishop in her individual
capacity is due to be **DISMISSED WITH PREJUDICE** because Sheila Bishop,
in her individual capacity, is not the plaintiff's employer;

(5) The plaintiff's claim for punitive damages is due to be **STRICKEN**.
Sheila Bishop is thus dismissed as a defendant from this case.  Following the entry
of this opinion and the accompanying order, the court is of the opinion that the
only remaining claim is the plaintiff's Title VII claim against Lawrence County.

**DONE** and **ORDERED** this the 29th day of the July 2008.


_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

8